UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN Specialty Insurance Company f/k/a USF Insurance Company, a Michigan corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>Jesse Hernandez dba Tarp Services, Alvin M. Roberts, Shirley M. Roberts, and Roberts Alvin M. & Sr Trust,<br><br>       Defendants. | No. 2:13-cv-00530-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through this action, proceeding on the operative First Amended Complaint, Plaintiff Atain Specialty Insurance Company[1] ("Atain") seeks rescission of an insurance policy issued to Defendant Jesse Hernandez ("Hernandez"), as well as declaratory judgments that Atain has no duty to defend or indemnify Hernandez in an underlying state court action. Presently before the Court is Hernandez's Motion for Dismiss or Stay Proceedings ("Motion"). Mot., Nov. 19, 2013, ECF No. 17. Atain filed a timely opposition. Opp'n, Dec. 5, 2013, ECF No. 30. For the reasons set forth below, the Motion is DENIED IN PART and GRANTED IN PART.

---

[1] Formerly known as USF Insurance Company.

1

# FACTUAL AND PROCEDURAL BACKGROUND[2]

This action arises from a dispute over insurance coverage for a fire that took place on September 16, 2008, in a warehouse on land owned by Defendants Alvin and Shirley Roberts, in Galt, California. At the time of the fire, Hernandez leased the warehouse and used it to store materials for, and to facilitate, his equipment rental business. Another individual, Albert Hung ("Hung"), used the warehouse to store materials and facilitate his artificial flower business. Hernandez's daughter, Maria, and his granddaughter, Jacqueline Gonzalez Jiminez[3], died in the fire. At the time of the fire, Hernandez was insured under a general liability policy he purchased from Atain in May 2008.

As a result of the fire, the Hung action and the Gonzalez action were brought against the Roberts in state court. Hernandez is a plaintiff in both actions. The Hung action charges the Roberts with wrongful death, personal injuries, and loss of property based on theories of general negligence, premises liability, and products liability. The Gonzalez action charges the Roberts with wrongful death based on general negligence and premises liability. The Roberts filed a cross-complaint in the Gonzalez action ("the cross-complaint), naming Hernandez as a cross-defendant. The Roberts' claims against Hernandez include comparative indemnity, equitable indemnity, implied indemnity, contractual indemnity, apportionment of fault, declaratory relief, and contribution. The Hung action and the Gonzalez action were then consolidated into a single action, which has not yet concluded.

On October 14, 2010, Hernandez tendered defense of the claims asserted against Hernandez in the cross-complaint to Atain. Atain accepted the tender of defense of the claims subject to a reservation of rights, based on two provisions in the policy—the

---

[2] The following recitation of facts is taken, at times verbatim, from the First Amended Complaint, ECF No. 6, and the instant Motion, ECF No. 17.

[3] Daughter of Manuel Prado Gonzalez.

Joint Venture exclusion and the "Classification Limitation." The Joint Venture exclusion precludes coverage for persons or organizations with respect to the conduct of a current or past partnership, joint venture, or limited liability company that is not shown as a named insured in the Policy's Declarations. The Classification Limitation limits coverage for liability arising only out of the classifications described on the Policy's Declarations, which in Hernandez's case stated "rental stores."

Then, Allied Insurance, the Roberts' insurance company, filed the case Allied v. Roberts[4] before this Court. Allied sued all of the parties involved in the state court actions, including Hernandez, for rescission of the homeowner's policy issued to the Roberts. This Court stayed the Allied action on June 20, 2011, pursuant to Montrose Chemical Corporation v. Super. Ct. (Montrose I), 6 Cal. 4th 287, 301 (1993).

Finally, Atain filed this suit against Hernandez and the Roberts, seeking to rescind the general liability policy. According to Atain, Hernandez made several material misrepresentations that entitle Atain to rescission of the policy and/or a declaratory judgment that Atain has no duty to defend or indemnify Hernandez with regard to any claim asserted against him in the cross-complaint. Defendant Hernandez now seeks a stay of this case, pending the outcome of the state court case.

**STANDARD**

A federal district court has broad discretion in deciding whether to issue a stay. Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). This rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. at 863-64.

---

[4] Case No. 2:11-cv-00740-MCE-KJN.

1  Nonetheless, "[w]here it is proposed that a pending proceeding be stayed, the competing
2  interests which will be affected by the granting or refusal to grant a stay must be
3  weighed." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "Among these
4  competing interests are the possible damage which may result from the granting of a
5  stay, the hardship or inequity which a party may suffer in being required to go forward,
6  and the orderly course of justice measured in terms of the simplifying or complicating of
7  issues, proof, and questions of law which could be expected to result from a stay." Id.
8      Additionally, "district courts possess discretion in determining whether and when
9  to entertain an action" seeking a declaratory judgment. Wilton v. Seven Falls Co., 515
10 U.S. 277, 282 (1995). "In the declaratory judgment context, the normal principle that
11 federal courts should adjudicate claims within their jurisdiction yields to considerations of
12 practicality and wise judicial administration." Id. at 288.

## ANALYSIS

16     Hernandez contends that the Court must stay this case under Montrose, as there
17 are competing or overlapping factual determinations to be made in this case and the
18 cross-complaint. In the alternative, Hernandez requests that the Court decline to
19 exercise subject matter jurisdiction over this declaratory relief action and dismiss the
20 case.

21     **A.   Dismissal**
22     Typically, a district court has discretion to entertain an action under the
23 Declaratory Judgment Act. See, e.g., Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220,
24 1222-23 (9th Cir. 1998). "A lawsuit seeking federal declaratory relief must first present
25 an actual case or controversy within the meaning of Article III, section 2 of the United
26 States Constitution," and must also fulfill statutory jurisdictional prerequisites." Id.
27 (citations omitted). "If the suit passes constitutional and statutory muster, the district
28 court must also be satisfied that entertaining the action is appropriate. This

determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" Id. (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952) (J. Reed, concurring)).  This discretion exists because the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." Id. (quoting Public Affairs Associates v. Rickover, 369 U.S. 111, 112 (1962)).  A district court makes the determination of whether to dismiss a case brought pursuant to the Declaratory Judgment Act under the guidance of Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942), and its progeny.

However, a court may not dismiss an action that includes a claim for declaratory relief and other claims for relief over which the court has diversity jurisdiction.  When such is the case, "the Court does not have discretion under Brillhart to remand the action.  The general principle is that 'when other claims are joined with an action for declaratory relief (e.g., . . . rescission . . . ), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.'" Dizol, 133 F.3d at 1225.  "The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." Snodgrass v. Provident Life & Acc. Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998).  "In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief." Truck Ins. Exch. v. Atl. Mut. Ins. Co., C 06-04573 CRB, 2007 WL 2102874 (N.D. Cal. July 20, 2007) (quoting United Nat. Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1112-13 (9th Cir. 2001)).

Because claims for rescission "provide an independent basis for federal diversity jurisdiction," courts have repeatedly found that the district court "is without discretion to remand or decline to entertain these causes of action." Dizol, 133 F.3d at 1225 n.6.

1   "Indeed, the district court has a 'virtually unflagging' obligation to exercise jurisdiction
2   over these claims." Id. (quoting First State Ins. Co. v. Callan Assocs. ("Callan"), 113
3   F.3d 161, 163 (9th Cir.1997)).
4       Thus, the Court must exercise its diversity jurisdiction over Atain's claim for
5   rescission, and Hernandez's request that the Court dismiss the case under the Brillhart
6   factors is DENIED.

   **B.   Stay**

8       The next issue before the Court is Hernandez's request to stay the case under
9   Montrose. A federal court sitting in diversity over a state law claim, as here, shall apply
10  the law of the state where it is located. U.S. Fidelity and Guar. Co. v. Lee Investments
11  LLC, 641 F.3d 1126, 1133-34 (9th Cir. 2011). Thus, the Court must apply California law
12  to determine whether imposing a stay is appropriate.
13      Under California law, an insurer's duty to defend the insured is broader than the
14  duty to indemnify, and that duty continues until the underlying lawsuit is resolved or the
15  issue of insurance coverage can be determined without prejudice to the insured.
16  Montrose Chem. Corp. v. Super. Ct. (Montrose II), 25 Cal. App. 4th 902, 909 (1994).
17  California law also states that when an insurer seeks a declaratory judgment regarding
18  the coverage of an insured, and there is an underlying third-party action against the
19  insured, "a stay of the declaratory judgment action pending resolution of the underlying
20  third-party suit is appropriate 'when the coverage question turns on facts to be litigated in
21  the underlying action.'" Montrose I, 6 Cal. 4th at 301.
22      In particular, "[t]here are three concerns which the courts have about the trial of
23  coverage issues which necessarily turn upon the facts to be litigated in the underlying
24  action." Haskel, Inc. v. Superior Court, 33 Cal. App. 4th 963, 979 (1995) (citing
25  Montrose II, 25 Cal. App. 4th at 910). The first concern is that by bringing the action for
26  a declaratory judgment regarding coverage, the "insurer . . . effectively attacks its
27  insured and thus gives aid and comfort to the claimant in the underlying suit." Id. The
28  second concern is that the suit addressing insurance coverage forces the insured to

1  "fight a two-front war," thereby "expending precious resources" fighting both the insurer
2  and the third party action, which "undercuts one of the primary reasons for purchasing
3  liability insurance." Id.  The third concern is the "real risk that, if the declaratory relief
4  action proceeds to judgment before the underlying action is resolved, the insured could
5  be collaterally estopped to contest issues in the latter by the results in the former." Id.
6  Thus, "[i]t is only where there is no potential conflict between the trial of the coverage
7  dispute and the underlying action that an insurer can obtain an early trial date and
8  resolution of its claim that coverage does not exist." Id. (emphasis in original).

First, Atain contends that Montrose does not apply because Atain's operative
complaint, ECF No. 6, contains a cause of action for rescission.  Atain cites to James
River Insurance Company v. Diana's Care Home, No. C10–0446 BZ, 2010 WL 2572859
(N.D. Cal. 2010), for the proposition that when a plaintiff states a claim for rescission,
Montrose does not apply.  James River relies on Callan, 113 F.3d 161.  In Callan, the
Ninth Circuit found only that when there is a cause of action for rescission and for
declaratory relief, the court does not have discretion to remand the case, as "an action to
rescind an insurance contract is distinct from an action merely to interpret an insurance
contract," and the plaintiff bringing a rescission claim "ha[s] a statutory right under the
diversity statute to pursue its claim in the federal district court and the district court ha[s]
a 'virtually unflagging' obligation to exercise jurisdiction." 113 F.3d at 163.  Callan does
not discuss the issue of whether a court may stay a claim for rescission under Montrose,
and this Court finds no grounds to extend Callan's holding.  In short, the Court is aware
of no binding precedent stantdng for the proposition that a claim for rescission precludes
staying the case under Montrose when there is also a declaratory judgment action and
the Montrose factors are met, and it declines to reach the same conclusion as the James
River court.

The Court thus must address whether a stay is warranted under the Montrose
factors.  "A court considering whether to stay a declaratory relief action must
. . . consider precisely which issues are to be litigated in order to resolve the declaratory

7

relief action, and whether those issues are related to <u>factual</u> issues yet to be litigated in the underlying action." <u>Great Am. Ins. Co. v. Superior Court</u>, 178 Cal. App. 4th 221, 235-36 (2009) (citing <u>Haskel</u>, 33 Cal. App. 4th at 980). "If the factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation, the trial court <u>must</u> stay the declaratory relief action." <u>Id.</u>  However, "[i]f there is no such factual overlap and the declaratory relief action can be resolved on legal issues or factual issues unrelated to the issues in the underlying action, the question as to whether to stay the declaratory relief action is a matter entrusted to the trial court's discretion." <u>Id.</u>

      Here, Hernandez contends that "[t]he factual allegations that Atain must prove to succeed in its rescission action are identical to those that will be litigated in the cross-complaint . . . ." Mot. at 5. Specifically, according to Hernandez, both the Roberts and Atain will seek to prove that Hernandez "was a partner in the synthetic flower business in the warehouse, that he acted as a landlord for the warehouse, that he ran a boarding house at the warehouse, and that he made alterations that contributed to the unsafe and dangerous conditions of the warehouse." <u>Id.</u>  The letter regarding coverage, sent to Hernandez by USF on October 29, 2010, states:

> [t]he cross-complaint alleges, and extrinsic evidence available to USF suggests, that the fire that resulted in the death of Jacqueline Jimenez was the result of the operations of your flower arranging business—a business that is not insured under the USF policy.  USF, therefore, reserves its right to decline coverage if it is determined that your liability for the injuries and damages sustained by Mr. Gonzalez as a result of his daughter'[s] death arose out of your acts on behalf of an entity not insured under the USF policy.

Mot. at 27. The letter likewise states that the cross-complaint alleges, and evidence available to USF suggests, that the fire

> was the result of the operations of your flower arranging business—a business not classified on the Declarations of the policy.  USF therefore reserves its right to decline coverage if it is determined that your liability of the injuries and damages sustained by Mr. Gonzalez as a result of his daughter's death arose out of your acts on behalf of an entity not classified under the policy.

8

Id. Similarly, Atain's First Amended Complaint alleges that the policy must be rescinded because (1) Hernandez was a joint venturer or partner in Hung's flower business, which is not shown as a named insured on the policy; and because (2) the fire arose out of the flower business and/or Hernandez's operation of the warehouse as a lessor of residential premises, neither of which is a classification described on the Policy's Declarations. Compl., May 17, 2013, ECF No. 6 at 5. Examination of the cross-complaint, and the October 29 letter, indicate that the Roberts also contend that Hernandez is liable, as both a lessor of the premises and as a joint venturer or partner in Hung's flower business.

By contrast, Hernandez's Answer specifically states: "Defendant . . . avers that the defendant was not a member of a joint venture which business was to manufacture flower arrangements." Answer, Aug. 1, 2013, ECF No. 11. Hernandez also denies that he "entered into an arrangement with [Albert] Hung." Id.; see Compl. at 5. Accordingly, the Court finds that "the factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation." Great Am. Ins. Co., 178 Cal. App. 4th at 236.

Indeed, all three Montrose concerns are present in the instant action. By asserting the very facts which the Roberts seek to prove in the cross-complaint to establish Hernandez's liability, Atain has "effectively attack[ed] its insured and thus give[n] aid and comfort to the claimant in the underlying suit." Haskel, 33 Cal. App. 4th at 979 (citing Montrose II, 25 Cal. App. 4th at 910). Moreover, Atain's insistence that Hernandez "fight a two front war," thereby "expending precious resources" fighting both the Atain and the cross-complaint, "undercuts one of the primary reasons for purchasing liability insurance." Id. Third, as set forth above, there is the "real risk that, if the [instant] action proceeds to judgment before the underlying action is resolved, [Hernandez] could be collaterally estopped to contest issues in the latter by the results in the former." Id.

Finally, while there is certainly prejudice to the insurer in staying the instant action pending the outcome of the underlying action, this prejudice is dwarfed by the potential

and real prejudice to the insured of allowing these actions to continue simultaneously.

The Court thus finds that a stay of this case is appropriate. Hernandez's motion to stay is hereby GRANTED.

## CONCLUSION

For the reasons just stated, it is hereby ordered that:

1. Defendant Hernandez's Motion, ECF No. 17, is DENIED as to the Motion to Dismiss and GRANTED as to the request to stay the case;
2. The January 23, 2014, hearing on the Motion is VACATED pursuant to Eastern District of California Local Rule 230(g);
3. The action is hereby STAYED pending the resolution of the underlying state court action.

IT IS SO ORDERED.

Dated: January 23, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT